Burg vs. Rivera.

## No. 13,563.

### N. BURG VS. HENRY RIVERA.

#### SYLLABUS.

1. Where the vendee of a piece of real estate buys in good faith and pays the price, and then sells it in good faith to another person, partly for cash and partly on negotiable notes, secured by special mortgage and vendor's privilege, a judgment creditor of the original owner cannot disregard the sales and make a direct seizure of the property under a writ of *fieri facias,* on the ground that the two sales are simulations, and the result of a collusion between the original owner and his mother-in-law, by which, as between themselves, she was to become the purchaser as a party interposed for himself.
2. A vendor of real estate cannot, after he has divested himself of title, affect the rights of the purchaser by declarations made out of the presence of the purchaser derogatory to the title. ( 3 Ann. 230.)

APPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*William S. Benedict* for Plaintiff, Defendant in Injunction, Appellant.

*Kernan & Gowland* for Mrs. Catherine Hester, Plaintiff in Injunction, Appellee.

#### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiff having obtained a judgment against defendant, seized certain property under a writ of of *fieri facias* which issued in execution of the judgment.

Mrs. Catherine Hester enjoined the sale, claiming the property seized as her property; she prayed for judgment perpetuating the injunction and for damages including attorneys' fees for the sum of five hundred dollars.

Plaintiff, Burg, answered this demand pleading, first, the general issue. He admitted the seizure of the real estate, as set forth, and averred that same was legally had and done by virtue of a final judgment in this cause against Henry Rivera, under execution properly issued; that at the time of the original action the said property stood

in the name of said Henry Rivera, and during the course of the proceedings, and in anticipation of judgment on a valid debt declared upon and to avoid payment thereof, or execution as against all the tangible property by him owned, plaintiff did, with fraudulent intent to defeat said judgment, make a nominal transfer of said property to his mother-in-law, the said Mrs. Catherine Hester, in the following manner, viz:

First—By making a deed thereof to the Security Building and Loan Association for the nominal sum of $1500.00 cash.

Second—By having his said mother-in-law become a stockholder of the Security Building and Loan Association Company in the purchase of fifteen shares, in her nominally borrowing from said association $1500.00, giving her note therefor, and in causing the transfer of said property, mortgaged to secure said $1500.00 to be loaned to her, the said Catherine Hester, the real and actual value of said property being at these dates, and since, more than $3000.00; that both transfers were as to said Henry Rivera and said Catherine Hester, simulated, null and void, and, if not simulated, were 'fraudulent and void, and entered into for the purpose of preventing the execution of the judgment of respondent as aforesaid, and that no funds other than costs necessary to make such transfers were used therein, and that said Henry Rivera had no other tangible property.

That he had been damaged, by reason of the injunction aforesaid, in the sum of $100.00 counsel fees, and $150.00 special damages, in delay, loss of time, obstruction of his writ, and for which he now makes demand.

He prayed that the injunction issued be dissolved, with $250.00 damages.

The District Court rendered judgment in favor of Mrs. Catherine Hester, perpetuating the injunction with one hundred dollars damages, and the seizing creditor, Burg, appealed.

OPINION.

There can be no doubt that the title of the property involved passed by a sale from Rivera to the Security Company for fifteen hundred dollars, and that the price of the sale was paid by it. Having acquired the property, it sold the same on the 27th of March, 1897, to Mrs. Hester, the plaintiff (in injunction), for fifteen hundred dollars, she executing her promissory note in representation of the price secured by

special mortgage and vendor's privilege. It is claimed by the seizing creditor, Burg, that the sale from Rivera to the Security Company and from the Security Company to Mrs. Hester, were simulations. The reality of these two sales *quoad* the Security Company and its good faith as to both is not questioned. It has not been made a party to this suit. It is asserted that, in point of fact, Rivera was the real purchaser from the Security Company and not Mrs. Hester, who is Rivera's mother-in-law. The company did not deal with Rivera or consent to accept him as its debtor; it holds Mrs. Hester's note, and she is, unquestionably, bound upon it. Plaintiff attempts to shift the title to the property from Mrs. Hester to Rivera by *parole.*

The evidence introduced to establish this contention would be insufficient to sustain it even if it were conceded that title to real estate could be destroyed in that way. Mrs. Hester was a witness on the stand and the seizing creditor did not cross-examine her. Statements made by Rivera after his sale of the property to the Security Company to Labiche, no person being present, but themselves, as to his object and purposes in making the sale, cannot affect the Security Company or Mrs. Hester.

We find no good ground why the judgment appealed from should not be affirmed (see Weathers vs. Pecot, 52 Ann. 932). It is hereby affirmed.

Rehearing refused.